UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOYCE JACKSON,

                              Plaintiff,

v.

                                                    **ORDER**

NATIONAL RAILROAD PASSENGER
CORPORATION,                                       20-cv-06797 (PMH)

                              Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Joyce Jackson ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Westchester alleging that she fell and suffered injuries while traveling on a passenger train operated by National Railroad Passenger Corporation ("Defendant"). (Doc. 1-1). Defendant removed the action to this Court on August 24, 2020 (Doc. 1) and filed its Answer to the Complaint on August 28, 2020 (Doc. 6). From the beginning of this action, Plaintiff has engaged in a pattern of disregarding orders from this Court and Magistrate Judge Krause.

      The Court scheduled an Initial Pretrial Conference for October 14, 2020. (Doc. 7; Oct. 1, 2020 Entry). Plaintiff failed to appear for the October 14, 2020 Initial Pretrial Conference and the conference was adjourned until October 21, 2020. (Oct. 14, 2020 Entry). The Initial Pretrial Conference was held on October 21, 2020 and thereafter the Court issued a Civil Case Discovery Plan and Scheduling Order and referred the matter to Magistrate Judge Krause for the purpose of settlement. (Oct. 21, 2020 Entry; Docs. 9, 10). On October 29, 2020, Judge Krause set a settlement conference for November 24, 2020 and directed the parties to submit a confidential, *ex parte* letter prior to the conference. (Doc. 13). Plaintiff did not submit a letter prior to the settlement conference and on November 23, 2020, counsel for Plaintiff requested an adjournment of the conference,

1

which was granted. (Doc. 14). Judge Krause adjourned the conference until December 11, 2020 and again directed the parties to submit pre-conference letters. (*Id.*). On December 11, 2020, after Plaintiff's counsel informed the Magistrate Judge at the last minute that he would not be able to attend the settlement conference, Judge Krause adjourned the conference until January 12, 2021 and again requested that the parties submit pre-conference letters no later than two business days before the settlement conference. (Doc. 15). On January 11, 2021, Judge Krause canceled the settlement conference because "Plaintiff's counsel failed to comply with the Court's simple and straightforward requirement for a pre-conference submission." (Doc. 16). The Magistrate Judge noted: "It has been an inconvenience to the Court—and, presumably, to counsel for Defendant— to have to schedule and reschedule this conference multiple times, only for Plaintiff to repeatedly disregard the Court's orders." (*Id.*).

By letter dated February 24, 2021, Defendant requested a pre-motion conference in anticipation of moving to compel discovery noting that Plaintiff had failed to respond to written discovery requests or provide initial disclosures. (Doc. 17). Defendant noted further that they had attempted to meet and confer with Plaintiff to address these issues, but Plaintiff had ignored the meet and confer requests. (*Id.*) By text-only order dated March 3, 2021, the Court directed Plaintiff to respond to Defendant's February 24, 2021 letter. (Mar. 3, 2021 Entry). By letter dated March 4, 2021, Defendant notified the Court that Plaintiff's deposition was noticed for March 5, 2021, but that Plaintiff had unilaterally canceled the conference and did not provide alternative dates for the deposition. (Doc. 18). Plaintiff did not respond to either of the Defendant's letters.

After Plaintiff failed to respond, the Court issued an Order to Show Cause on March 11, 2021, which directed Plaintiff to show cause why the action should not be dismissed for want of

prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 19). Plaintiff did not respond to the show cause order.

The Court held a previously scheduled case management conference on March 30, 2020. (*See* Doc. 10). Plaintiff's counsel did not appear for the conference. (Mar. 30, 2021 Entry). During the conference, counsel for Defendant represented that she attempted to contact Plaintiff's counsel by telephone and email to notify him of the conference but that she was unable to reach him. Counsel for Defendant further stated that she had been unable to get in touch with Plaintiff's counsel for months and that he had not responded to multiple meet and confer requests.

For the reasons set forth below, the Court *sua sponte* DISMISSES the action pursuant to Federal Rule of Civil Procedure 41(b).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution…." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015). Failure to prosecute may be demonstrated by "an action lying dormant with no significant activity to move it or [by] a pattern of dilatory tactics including groundless motions, repeated requests for continuances or persistent late filings of court ordered papers over a period of months or years." *Santangelo v. Valenti*, No. 90-CV-7415, 1996 WL 665635, at *3 (S.D.N.Y. Nov. 15, 1996), *aff'd*, 129 F.3d 114 (2d Cir. 1997) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)).

While the Second Circuit has found that dismissal pursuant to Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), dismissal nonetheless may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d Cir. 1993)); *see also Edwards v. Janssen Pharm. Inc.*, No. 17-CV-918, 2018 WL 4658807, at *2 (S.D.N.Y. May 9, 2018), *adopted by*, 2018 WL 2461275 (S.D.N.Y. May 31, 2018) (dismissal is appropriate where "Plaintiff has demonstrated an intent to abandon the lawsuit.").

## **ANALYSIS**

The Court finds that dismissal of Plaintiff's claims for failure to prosecute pursuant to Rule 41(b) is appropriate. First, Plaintiff repeatedly failed to comply with the Court's orders over many months, including the failure to: (1) appear at the Initial Pretrial Conference (Oct. 14, 2020 Entry);

(2) file pre-conference letters to Judge Krause on three occasions (Docs. 14, 15, 16); (3) respond to Defendant's letters regarding Plaintiff's discovery misconduct (Mar. 3, 2021 Entry); (4) show cause why the case should not be dismissed pursuant to Rule 41; and (5) appear for a case management conference (Mar. 30, 2021 Entry).

Second, Plaintiff was put on notice in the March 11, 2021 Order to Show Cause that failure to comply with the Court's orders would result in dismissal of his action. (Doc. 19 at 2 ("Failure to comply with this Order shall result in dismissal of this case for want of prosecution.")).

Third, Defendants are likely to be prejudiced by further delays. According to Defendant's unopposed letters to the Court, Plaintiff (1) has not responded to written discovery demands (Doc. 17); (2) has not served initial disclosures (*id.*); (3) did not respond to Defendant's requests to meet and confer regarding discovery disputes (*id.*); and (4) unilaterally cancelled her deposition (Doc. 18). Additionally, Plaintiff did not participate in settlement efforts with the Magistrate Judge despite representing during the October 21, 2020 conference that she was interested in an early resolution.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined dismissal appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of N.Y.*, No. 12-CV-6717, 2013 WL 5493009 at *2 (S.D.N.Y. Oct. 1, 2013). This Court and the Magistrate Judge have scheduled multiple conferences and issued multiple orders all without response from Plaintiff. The effort dedicated to this action has caused a burden on the Court's docket.

Fifth, lesser sanctions are not appropriate. Where, as here, a Plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707,

2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal pursuant to Rule 41(b) appropriate because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter.").

## **CONCLUSION**

For the foregoing reasons, the Court *sua sponte* DISMISSES the action pursuant to Federal Rule of Civil Procedure 41(b) without prejudice. The Clerk of the Court is directed to terminate this action.

Dated: White Plains, New York
       March 30, 2021

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge